IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN FRANKS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SIDEPRIZE LLC,<br><br>    Defendant. | Case No. 25-cv-04916-CRB<br><br>**ORDER GRANTING MOTION TO TRANSFER** |

Plaintiffs Justin Franks and Jack Bacigalupi (collectively, "Plaintiffs") brought a class action complaint against Defendant SidePrize LLC d/b/a PrizePicks ("PrizePicks"), a company that offers online fantasy sports betting. See Compl. (dkt. 1). Plaintiffs allege that sports betting in California is illegal and that PrizePicks' representations to the contrary induced them to gamble on PrizePicks' platform. See id. ¶¶ 114, 129. In response, PrizePicks filed a motion to transfer as well as a motion to dismiss. See Mot. (dkt. 30); MTD (dkt. 33). Because of the validity of the parties' forum selection clause, the Court **GRANTS** PrizePicks' motion to transfer.[1]

I.    **BACKGROUND**

PrizePicks is a Georgia company with its headquarters in Atlanta. Compl. ¶ 5. It operates an online platform for gambling through daily fantasy sports. Id. ¶ 41. PrizePicks purportedly represents itself as being legal and available for users in California. See id. ¶ 92. Plaintiffs both allege they relied on PrizePicks' representations of legality and proceeded to gamble on PrizePicks' contests. Id. ¶¶ 116, 129. And they would not

---

[1] Since the Court grants the motion to transfer, it will not reach the motion to dismiss, which must be heard by the U.S. District Court for the Northern District of Georgia.

have gambled at all—and lost money—if not for PrizePicks' alleged misrepresentations. Id. ¶¶ 117, 132.

To participate in PrizePicks' contests, contestants are required to create an account and agree to Terms of Service. Deuskar Decl. (dkt. 31) ¶ 5. Plaintiffs concede they set up accounts and consented to the terms, even if they did not review them and were not aware of what they were agreeing to at the time. See Compl. ¶ 138. The Terms of Service have a "Governing Law" section that requires "any action at law or in equity arising out of or relating to these Terms, or your use or non-use of the Services" to be filed "only in the state or federal courts located in Fulton County in the State of Georgia." Deuskar Decl. ¶ 7, Ex. A. Users agreeing to the terms also "consent and submit to the personal jurisdiction of such courts for the purposes of litigating any such action." Id.

That forum selection clause has been available in every iteration of PrizePicks' Terms of Service. Deuskar Decl. ¶ 9. With every update to the Terms of Service, PrizePicks requires users to renew their agreement by affirmatively pressing a button. Id. ¶¶ 9–12.

Nevertheless, Plaintiffs filed their action in the Northern District of California, since they reside in San Francisco County. Compl. ¶¶ 10–11. They brought claims under the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200 et seq.) and the Consumer Legal Remedies Act ("CLRA") (Cal. Civil Code §§ 1750 et seq.) for purely equitable relief. Id. ¶¶ 164–85. PrizePicks moved to transfer the action to the Northern District of Georgia, based on the forum selection clause. See Mot. PrizePicks, in the alternative, filed a motion to dismiss Plaintiffs' complaint, but asks this Court to first resolve the motion to transfer. See MTD.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts enjoy broad discretion in considering motions to transfer venue and are to adjudicate motions for transfer according to

2

"individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). But a valid forum selection clause changes the analysis because it trumps the plaintiff's choice of forum and any consideration of private interests (that is, concerns about the forum's convenience for parties or witnesses). Atl. Marine Constr. Co. v. U.S. Dist. Ct., 571 U.S. 49, 63–64 (2013). When "considering a motion to transfer, the Court may consider evidence outside of the pleadings, and it draws all reasonable inferences and resolves factual conflicts in favor of the non-moving party." *Brown v. Newsom*, No. 23-CV-04040-RFL, 2024 WL 2853978 at *2 n.1 (N.D. Cal. May 1, 2024) (internal quotation omitted).

## III. DISCUSSION

Plaintiffs bring two main arguments: (1) the forum selection clause is invalid and (2) the public interest factors weigh against transfer. See Opp'n (dkt. 46) at 1. The Court addresses each in turn and grants PrizePicks' motion.

### A. Validity of the Forum Selection Clause

Plaintiffs challenge both the validity of the Terms of Service and the forum selection clause itself. Both arguments are unavailing.

#### 1. Terms of Service

Plaintiffs argue that the Terms of Service are void ab initio under Civil Code § 1667. Opp'n at 8. Section 1667 declares that contracts "that are contrary to express statutes or to the policy of express statutes" are "illegal contracts." Green v. Mt. Diablo Hosp. Dist., 207 Cal. App. 3d 63, 73, 254 Cal. Rptr. 689 (Ct. App. 1989) (citing Civ. Code, § 1667(1)–(2)). And "illegality voids the entire contract." Id. Because Cal. Penal Code Section 337(a)(6) makes it a crime to bet or wager on sports contests, Plaintiffs assert that the Terms of Service—allegedly tied to the crime of sports betting—are an illegal contract and void in their entirety. Opp'n at 9.

But while Plaintiffs' position makes intuitive sense, "it is inappropriate to analyze the validity of the contract as a whole when determining the applicability of a forum selection clause." Fleming v. Matco Tools Corp., 384 F. Supp. 3d 1124, 1131 (N.D. Cal.

3

2019) (citing Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006) (holding that federal courts may consider claim of fraud in the inducement of the arbitration clause itself but not fraud in the inducement of a contract generally)); Cream v. N. Leasing Sys., Inc., No. 15-cv-1208-MEJ, 2015 WL 4606463, *6 (N.D. Cal. Jul. 31, 2015) (rejecting arguments related to concealment, fraudulent inducement, and public policy). Other courts are in accord. See, e.g., Marra v. Papandreou, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract in and of itself—that is, an agreement between the parties to settle disputes in a particular forum—that is separate from the obligations the parties owe to each other under the remainder of the contract."); Quality Off. Furnishing, Inc. v. Allsteel, Inc., 2017 WL 11662670, at *3 (C.D. Cal. June 23, 2017) ("The validity of the forum selection clause is distinct from that of the contract as a whole, and the validity of the forum selection clause must be individually and specifically challenged for a court to find it invalid.").

Accordingly, Plaintiffs attempt to void the whole contract must be rejected at this stage of the inquiry.

### 2.     Impact of the CLRA

"Forum selection clauses in contracts are presumptively valid." Twitch Interactive, Inc. v. Johnston, No. 16-CV-03404-BLF, 2019 WL 3387977, at *4 (N.D. Cal. July 26, 2019) (noting that forum selection clauses are enforced unless they are unreasonable). But Plaintiffs challenge the forum selection clause based on the anti-waiver provision of the CLRA, which says "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751. Because the Terms of Service also include a choice of law provision for Georgia law, Plaintiffs argue that it would be against California public policy to potentially allow an out-of-state court to waive Plaintiffs rights under the CLRA, since Georgia consumer protection laws bar class relief and the total recovery may be diminished. Opp'n at 4–7. At bottom, Plaintiffs contend that transfer would diminish their rights and available remedies, rendering the

4

1  forum selection clause unenforceable under the CLRA.  Id. at 8.

2  "Reliance on choice of law, however, is insufficient to show that the forum selection clause is invalid."  Balducci v. Congo, Ltd., No. 17-CV-04062-KAW, 2017 WL 4176464, at *5 (N.D. Cal. Sept. 21, 2017).  "Courts in the Ninth Circuit have generally agreed that the choice-of-law analysis is irrelevant to determining if the enforcement of a forum selection clause contravenes a strong public policy."  Rowen v. Soundview Commc'ns, Inc., No. 14-CV-05530-WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015) (collecting cases).  Indeed, courts in this District have effectuated forum selection clauses in CLRA cases despite the existence of choice-of-law provisions.  See, e.g., Brooks v. Sotheby's, No. 13-CV-02183 RS, 2013 WL 3339356, at *3 (N.D. Cal. July 1, 2013) (enforcing forum selection clause in a CLRA case); Gamayo v. Match.com LLC, No. C 11-00762 SBA, 2011 WL 3739542, at *6 (N.D. Cal. Aug. 24, 2011) (same).[2]  That is because challenges to a choice-of-law provision can still be made in the transferee court.  See Balducci, 2017 WL 4176464 at *6 ("Plaintiff also does not argue that he would be prevented from making his choice of law arguments in the Colorado courts.").  Either way, a federal court would assess choice of law based on Plaintiffs' concerns.

Plaintiffs seek to avoid this outcome by pointing to two California cases (Mendoza and Lanthrop) that denied enforcement of forum selection clauses because the plaintiffs' statutory rights under the CLRA would be diminished.  Opp'n at 4–5.  Neither case is applicable to the instant one.  Both cases dealt with state court to state court transfers,

---

[2] At the motion hearing, Plaintiffs asserted, without any authority, that Section 1780(d) of the CLRA creates a substantive right to keep the motion in the Northern District of California, the place they allege the purported gambling transactions occurred.  This is unsupported by the text of the statute and precedent.  For starters, the venue provision is permissive; an action "may" be commenced "in the county where the transaction or any substantial portion thereof occurred."  Cal. Civ. Code § 1780(d).  It does not require venue to be there.  Moreover, Section 1780(d) also permits venue where "the person against whom [a CLRA action] is brought resides, [or] has his or her principal place of business."  Id.  The forum selection clause is in harmony with this provision as it establishes venue where PrizePicks' headquarters are located.  And Plaintiffs' contention that there is some kind of special right to venue in this District is belied by the cases enforcing forum selection clauses for CLRA actions described earlier.  See also Gallin v. Superior Ct., 230 Cal. App. 3d 541, 546, 281 Cal. Rptr. 304, 306 (Ct. App. 1991) (rejecting argument that Section 1780 has a special superseding venue provision).

where the California courts were concerned with applicability of the local forum's laws. See Lathrop v. Thor Motor Coach, Inc., 105 Cal. App. 5th 808, 819, 326 Cal. Rptr. 3d 159, 168 (2024) ("Litigating in Indiana under Indiana law would deprive the Lathrops" of "their right to a jury trial."); Am. Online, Inc. v. Superior Ct., 90 Cal. App. 4th 1, 15, 108 Cal. Rptr. 2d 699 (2001) ("Mendoza"), as modified (July 10, 2001) (evaluating the level of consumer protection in Virginia's laws). But a transfer to a federal court does not raise the same concern. "When a case is transferred under 28 U.S.C. § 1404, the transferee court applies the choice-of-law rules of the state from which the case was transferred." Beijing Meishe Network Tech. Co. v. TikTok Inc., No. 23-CV-06012-SI, 2024 WL 3522196, at *13 (N.D. Cal. July 23, 2024) (citing Newton v. Thomason, 22 F.3d 1455, 1459 (9th Cir. 1994)). As PrizePicks notes, "the Northern District of Georgia is perfectly capable of performing a choice-of-law analysis after this case is transferred." Reply (dkt. 50) at 5; cf. Salesforce.com, Inc. v. GEA, Inc., No. 19-CV-01710-JST, 2019 WL 3804704, at *11 n.12 (N.D. Cal. Aug. 13, 2019) (observing "that courts have found forum selection clauses unenforceable based on one state's public policy even when the contract provided that another state's substantive law would govern").

### 3.    Public Policy

Plaintiffs next challenge the forum selection clause by asserting it contravenes California's strong public policy articulated in the CLRA. Opp'n at 9–10. But this argument just repackages the one discussed above for the CLRA's anti-waiver provision. And the Court rejects it for the same reasons. Plaintiffs point to Doe 1 v. AOL LLC in an attempt to support their argument that California public policy can invalidate forum selection clauses. Doe 1, however, merely adopted the reasoning in Mendoza, since the forum selection clause at issue designated Virginia state courts for suit. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1082 (9th Cir. 2009). As the Court explains above, such reasoning is inapplicable to federal court to federal court transfers.

Accordingly, Plaintiffs have not met their "heavy burden of proof" to show the forum selection clause is invalid. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1,

6

15 (1972).

### B. Public Interest Factors

Since the forum selection clause is valid, the Court's analysis of the Section 1404(a) motion is limited to considering public interest factors. Those factors include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." Boston Telecomms. Grp., Inc. v. Wood, 588 F.3d 1201, 1211 (9th Cir. 2009) (quoting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1181 (9th Cir. 2006)). The Court finds that Plaintiffs have failed to demonstrate "that public-interest factors overwhelmingly disfavor[] a transfer." Atl. Marine Constr., 571 U.S. at 51.

#### 1. Local Interest

Plaintiffs argue that California has a "strong interest" in this case since it implicates public policies in favor of consumer protection and against commercialized gambling. Opp'n at 11–13. PrizePicks counters that courts routinely find this factor to be neutral when the defendant is headquartered in the transferee forum. Reply at 9–10 (noting that Plaintiffs' argument relying on Tuazon to render the transferee forum's interest irrelevant has been superseded by subsequent decisions). PrizePicks is correct. A host of courts in this District have found the local interest factor "neutral" when both forums "have an interest in [the] dispute." See, e.g., van Meter v. Mondelez Int'l, Inc., No. 24-CV-00565-AMO, 2025 WL 875391, at *4 (N.D. Cal. Mar. 18, 2025); Halcon v. Hain Celestial Grp., Inc., No. 21-CV-02156-JST, 2021 WL 11701387, at *4 (N.D. Cal. Nov. 19, 2021) ("neutral" local interest when both forums have a local interest). But the Court also agrees with Plaintiffs that California has a heightened interest in a case that would potentially decide whether a major business venture is operating illegally in the state—when no court has weighed in before. The Court finds this factor slightly weighs against transfer.

#### 2. Familiarity with the Governing Law

Plaintiffs assert that this Court's presence in California and familiarity with the

state's laws—coupled with "emerging issues in this case"—tip this factor against transfer. Opp'n at 13. PrizePicks responds that the factor should be neutral since out-of-state federal courts are not strangers to applying the laws of California. Reply at 10 (referencing AirWatch LLC v. Mobile Iron, 2013 WL 4757491 (N.D. Ga. Sept. 4, 2013) (denying motion to dismiss UCL claim)). The Court acknowledges that "courts outside of California are fully capable of applying California law." Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010). But given that no courts have addressed the legality of sports betting in California, this is a closer call. Nevertheless, this factor is roughly neutral. See Rabinowitz v. Samsung Elecs. Am. Inc., No. 14-CV-801, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) ("[T]his factor is to be accorded little weight . . . because federal courts are deemed capable of applying the substantive law of other states.").

### 3. Jury Burden

The parties more or less agree that this factor is at most neutral. Opp'n at 14 ("no jury trial" due to the request for only equitable relief); Reply at 10.

### 4. Court Congestion

The parties both agree that the Northern District of California is more congested than the Northern District of Georgia. Opp'n at 14; Reply at 9. Plaintiffs merely argue that the difference in congestion is "not significant." Opp'n at 14. Accordingly, this factor slightly favors transfer.

### 5. Costs of Resolving Disputes Unrelated to the Forum

Plaintiffs do not really explain what costs Georgia would incur, only arguing that, whatever the cost is, it is outweighed by Georgia's lack of interest in the suit. Opp'n at 14–15. PrizePicks reiterates, as discussed above, that both forums have an interest in the action. Reply at 10–11. PrizePicks also notes that, since PrizePicks is an online business, the "relevant evidence is likely equally available in either district." Accordingly, the Court finds that this factor is mostly neutral.

Because most of the public interest factors are neutral, and only one factor tips to

8

1  either side, the Court determines that Plaintiffs have not shown that the factors
2  overwhelmingly disfavor transfer.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** PrizePicks' motion to transfer.

**IT IS SO ORDERED.**

Dated: December 29, 2025

_____
CHARLES R. BREYER
United States District Judge